Alejandro YANEZ–ROJAS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–71147.

Agency No. A72–293–060.

United States Court of Appeals, Ninth Circuit.

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Alejandro Yanez–Rojas ("Petitioner") petitions for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on August 12, 1999. Petitioner was served with an order to show cause ("OSC") on July 10, 1996, approximately six years and eight months after he entered the United States. At a hearing on March 5, 1997, the Immigration Judge ("IJ") denied Petitioner's application for suspension of deportation because he had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")—bars such relief in his case. Moreover, Petitioner contends that the IJ erroneously applied the stop-time rule to his case on March 5, 1997, nearly a month before IIRIRA's effective date of April 1, 1997. We agree that the IJ erred in applying the stop-time rule to Petitioner's case before IIRIRA became effective. *Guadalupe–Cruz v. INS*, No. 240 F.3d 1209 (9th Cir. 2001).

We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Petitioner pursues his suspension application, the IJ, in determining whether Petitioner is eligible for suspension of deportation, shall: (1) apply the law as it existed on March 5, 1997; and (2) consider the current facts and Petitioner's current circumstances. *Id.*

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION GRANTED; REVERSED and REMANDED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.